IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT SAYRES                                                                          PLAINTIFF

v.                     Civil No. 05-3038

JOHN PUTMAN, Circuit Judge, Boone County,
Arkansas; JACK HUDSON, Investigator, Boone
County Sheriff's Office; DAVE MUNIZ, Chief of
Police, Berryville Police Department; DANNY
HICKMAN, Sheriff, Boone County, Arkansas;
BOB KING, Boone County Sheriff's Office; and
OFFICER BRADIN, Boone County Sheriff's Office           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Sayres brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted in forma pauperis status. (Docs. 2, 4-5.) Since filing the complaint (Doc. 1), plaintiff has submitted four supplements to his complaint (Docs, 3, 10, 14, 15), two motions to amend or correct his complaint (Docs. 13, 22), one amendment to his complaint to add Phillip Moon, plaintiff's attorney in his criminal action, as a defendant in this complaint (Doc. 8.), and one court-ordered addendum (Doc. 19).

This matter is presently before the undersigned for a determination of service of the complaint.

### I. Background

In his complaint, Sayres alleges that he and his mother contacted police because three people were printing counterfeit money on property owned by the plaintiff and his mother. (Plaintiff gives the names of four people who he claims were doing this--Reberta Wilson, Gary

Wilson, Ray Phiper, and Rhonda Sayres.) Sayres states that the officers from the Boone County Sheriff's Office tried "hard to cover up there [sic] own greed and arresting [of] the wrong person" and held Sayres in the county jail. After he posted a $25,000, Sayres and his wife moved to Odessa, Texas. Later "they violated [his] civil rights by taking [him]" from Odessa back to Arkansas and taking his bond of $45,000. Judge Fred Kirkpatrick issued a new $15,000 bond, but Judge John Putman, who is a defendant, revoked that bond and issued a "no bond" on Sayres in an effort to build a case against Sayres by promising other inmates trustee jobs and time cuts. Sayres claims that "they conspired a case on [him]" because "the three bad guys who really spent the money got away and got someone killed." (Doc. 1.)

In his first supplement (Doc. 3.) to his complaint, Sayres alleges that he was hired a police officer for the Berryville Police Department in 1996 and was never paid for performing this job. Sayres says he wrote three hot checks "back then" which resulted in a prison sentence. After his release from prison, he moved to another state to avoid the officers in Berryville. "After all these years," Sayres returned to Arkansas. He and his mother hired some people to help clean land. Sayres noticed one of those people, Ray Phiper, using his printer and scanner to make counterfeit money. Sayres says he observed this "a few days in a row." He then contacted the police in Springdale, Arkansas to inform them that Phiper was on his way to Springdale to use the counterfeit money. Instead of arresting Phiper, the police arrested Sayres and "took everything in our home worth money." Sayres bonded out on a $25,000 bond because he had nothing to do with the counterfeiting. (Doc. 3.)

After posting the bond, Sayres moved to Odessa, Texas where his wife's family lived. Sayres called his bondsman everyday to the let the bondsman know that he was upset that the

police officials in Boone County had taken his "laptop and printer and guns when they did the search warrant." Later, the bond was revoked, and Sayres was brought back to Arkansas. In the Boone County Jail, other inmates wrote statements on Sayres "to build a case on [him]." Judge Kirkpatrick then issued a new, $15,000 bond, but Judge Putman "put a no-bond to hold [Sayres] down just to make-up a case on [him] in the jail." Sayres contends that he was "forced to plea guilty in court just to get [him] away from" what he went through in the jail. Sayres says that he has requested "time after time" to withdraw his guilty plea for the counterfeiting, but that Judge Putman will not permit the withdrawal of the plea. Sayres also contends that he can prove that one of the jailers placed him in a cell to get hurt and that as a result he was put in doctor's care and sent a $700 bill and the jailer was fired. (Doc. 3.)

In an amendment to his complaint (Doc. 8), Sayres added his attorney, Phillip Moon, as a defendant in this action, stating, "I fell [sic] like my attorney had me sing [sic] a plea bargain knowing the police had no case on me." (Doc. 8.)

In his second supplement (Doc. 10) to the complaint, Sayres states, as additional to that described above, that he had been hired by Berryville Police Department in 1996 and was responsible for bringing down the biggest case in Carroll County history, but that since that time officials in Boone County and Carroll County have been conspiring to imprison him. Sayres asks that this court release him from prison and set a new court date for him. He also states that around August 15, 2004, Officer Jack Hudson charged him with battery in the first degree; this charge was later dismissed. The day after issuing the charge, Officer Hudson supposedly told Sayres that he would not have been charged had he remained at the scene of the shooting and told his side of the story. Sayres attaches the information, indicating that he was being charged

AO72A
(Rev. 8/82)

with battery in the first degree after he shot Alfred Dale Sayres in the leg. He was also charged with possession of a firearm by certain persons for having previously been convicted of a felony and using a handgun to shoot his father, Alfred Dale Sayres, in the leg. Sayres admits in the supplement that he used his wife's handgun to shoot Alfred Dale Sayres in the leg, but claims that he did so in self-defense.

Sayres also says that at a trial, he would call Boone County Jail Administrator Mike Bishop to testify about a jailer named Jack who placed Sayres in a cell with "an enemy," while knowing that inmate would harm Sayres. As a result, Sayres had to be taken to the hospital and received a doctor's bill for $700. Sayres also says that the jailer told inmates that Sayres worked for the Harrison and Berryville police departments. (Doc. 10.)

In a motion to amend (Doc. 13) his complaint, Sayres requests to add Officer Bob King and Officer Bradin, both of the Boone County Sheriff's Office as defendants in this action.

In his third supplement (Doc. 14) and fourth supplement (Doc. 15) to the complaint, Sayres alleges the same facts as discussed above.

Sayres's addendum (Doc. 19) to the complaint is a list of responses to questions presented to the plaintiff by the court. These questions were submitted to the plaintiff in an attempt to clarify his claims.

Sayres states that Judge Putman should be held liable because he revoked the $15,000 bond Judge Kirkpatrick ordered and then placed a no-bond hold on Sayres. (Doc. 19 at ¶ 1.) According to Sayres, Jack Hudson should be held liable because he filed a first degree battery charge on Sayres after Sayres shot his father in the leg. The battery charge was later dropped or dismissed, and Sayres was then charged with felony possession of a firearm. (Doc. 19 at ¶ 2.)

AO72A
(Rev. 8/82)

Sayres states that Chief of Police Dave Muniz should be held liable because Muniz hired Sayres as a Berryville police officer in 1996 but never paid him for his service. (Doc. 19 at ¶ 3.) Sheriff Danny Hickman should be held liable for the allegations in the complaint because Sayres was beaten while detained in the Boone County Jail, and because the county police officials did not stop a crime when Sayres called them about it. (Doc. 19 at ¶ 5.) Sayres asks that defendants Bob King, Officer Bradin, and Phillip Moon be dismissed as defendants in this action. (Doc.19 at ¶¶ 6, 7, 9.)

Sayres claims that while he was being transferred to the sheriff's office, a jailer named Jack told inmates Chad Suddertt, Glenn Arnold, and an inmate named Weber to beat Sayres. After breakfast one morning, the inmates were lying on mats, with Sayres lying on a mat on the floor. Weber, who was on the top bunk then jumped off of that bunk, landed in the middle of Sayres back, and began hitting him in the face. Sayres was taken to the hospital. Later, after he was returned from the hospital and placed in another cell, other inmates told Sayres that officers had planned the beating to hurt Sayres. (Doc. 19 at ¶¶ 11-12.)

On June 8, 2006, Sayres filed a motion to add Bob King as a defendant because King "used a police informant to make probal [sic] cause when my mother and I reported suspects using our printer to copy money." (Doc. 22.) In a motion (Doc. 23) requesting a hearing, plaintiff asks that this court overturn his possession conviction because he was not treated fairly in state court by Judge Putman. (Doc. 23.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the

AO72A
(Rev. 8/82)

United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

The court has previously considered all of the claims, except one, brought by Sayres in this action in another civil case that was transferred to this court--*Sayres v. Hutson, et al.*, Civil No. 05-3063. In *Sayres v. Hutson*, the court dismissed the complaint as barred by statute of limitations, frivolous, and for failing to state a claim. For the reasons previously explained by the court, this complaint would also be subject to dismissal, however, as the court has already ruled on these claims, we are now precluded from considering them in this action under the doctrine of res judicata. *See Daley v. Marriott Intern., Inc.*, 415 F.3d 889, 895-96 (8th Cir. 2005) ("'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action'") (*quoting Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, 682 (8th Cir. 1997) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322 326 n. 5, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979))).

As noted, there is one new claim brought forth in this action--that plaintiff was beaten while detained in the Boone County Detention Center on the order of a jailer named Jack. When asked to name which defendants were responsible for placing Sayres with the inmate who harmed him, Sayres responded Jack Hudson, Officer Jack, and Sheriff Hickman. Sayres says that Hickman personally sent him the $700 doctor's bill for the treatment he received after the

AO72A
(Rev. 8/82)

attack. In his addendum, Sayres does indicate that one of the reasons Sheriff Hickman should be held liable is because of the injury Sayres suffered to his back after he was attacked by other inmates. Sayres does not provide any facts, other than the Jack Hudson arrested Sayres, to indicate that Hudson had anything to do with the injuries Sayres received from the inmates. Therefore, Sayres has not stated a claim against Hudson for the injuries he received from the attack. *Cf. Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (per curiam) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption); *see also Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (unpublished per curiam) (plaintiff failed to state claim against named defendants where he listed defendants in complaint and did not allege defendants were personally involved in constitutional violations).

### III. Conclusion

Therefore, I recommend that all claims raised in his action be dismissed under the doctrine of res judicata, except the claim that Sayres was attacked by fellow inmates on the order of a jail official. I further recommend that all defendants except Sheriff Danny Hickman be dismissed from this action.

Under a separate order, the undersigned with direct service on Sheriff Danny Hickman on the remaining claim in this action. The court will further direct Sheriff Hickman to identify the jailer who the plaintiff alleges ordered his attack.

**Sayres has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Sayres is reminded**

-7-

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2006.

/s/ Beverly Stites Jones
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)