```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      HARRISON DIVISION
```

**ROBERT SAYRES**                                              **PLAINTIFF**

        v.                    CIVIL NO. 05-3038

**JOHN PUTMAN, ET AL.**                                        **DEFENDANT**

## O R D E R

Now on this 10th day of June, 2010, comes on for consideration defendant's pro se **Motion for Appeal** (document #52) and **Motion for Hearing to Re-open Case** (document #53). The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

1. Plaintiff commenced this action by filing his complaint on July 29, 2005, and he filed several amendments thereto. Generally, Plaintiff alleged that officials with the Boone County Sheriff's Office, Judge Kirkpatrick, Judge Putman, and several others, violated his civil rights during his arrests, bond hearings and subsequent incarcerations. Plaintiff also claimed that he was beaten in jail by other inmates at the direction of the sheriff's office. This was Plaintiff's second action against the Boone County Sheriff's Office and several of the other defendants. (*See Sayres v. Hutson;* Civil Action No. 05-3063).

2. On August 11, 2006, the Magistrate Judge entered his Report and Recommendation (document #24) finding that Plaintiff was raising substantially the same claims in this case as he had in *Sayres v. Hutson.* In *Sayres v. Hutson*, the Court had dismissed

Plaintiff's claims because they were barred by the statute of limitations, frivolous and failed to state a claim.  Thus, the Magistrate Judge recommended that all claims in this case be dismissed under the doctrine of *res judicata*, except for Plaintiff's new claims against Sheriff Danny Hickman related to the attack on Plaintiff that allegedly occurred while he was incarcerated in the Boone County Jail.

3.  On September 1, 2006, this Court entered an Order (document #29) adopting the Magistrate Judge's Report and Recommendation and dismissed all claims raised by Plaintiff except for the new claims asserted against Sheriff Danny Hickman.  The case was referred to the Magistrate Judge to proceed as to those claims.

4.  On February 12, 2007, Plaintiff filed a motion to amend his Complaint.  This was Plaintiff's last contact with the Court.  Plaintiff did not communicate with the Court again until filing his present motions, over three years later.

5.  On March 1, 2007, Sheriff Danny Hickman filed a Motion for Summary Judgment to which Plaintiff filed no response.  On October 3, 2007, the Magistrate Judge sent Plaintiff a questionnaire to assist him in responding to the summary judgment motion and ordered that he respond by November 2, 2007, and advised him that if he did not timely respond, his case would be subject to dismissal.  Plaintiff did not respond or otherwise

communicate with the Court.  On December 18, 2007, the Magistrate Judge entered another Report and Recommendation (document #50) recommending that this case be dismissed for failure to obey the court rules and for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

6.   On February 12, 2008, this Court entered an Order (document #51) adopting the Magistrate Judge's Report and Recommendation and dismissed this case.  On the same day, the District Court Clerk sent Plaintiff a letter advising him of his rights under the Prison Litigation Reform Act regarding filing an appeal and seeking *in forma pauperis* status.  Plaintiff did not file an appeal.

7.   On April 1, 2010, Plaintiff filed a "Motion for Appeal" (document #52) asking the Court to appeal his case because of "new evidence" and because he is "fearing retaliation from Defendants." Plaintiff asserts that "Defendants" have retaliated against him for "opening a civil rights case."  Specifically, Plaintiff makes the following claims:

* that he has received threats on his life and that people have warned him to move way;
* that he received bad legal advice from his lawyer; and
* that his rights were violated during his bond hearing and the Judges in Boone County will not respond to his requests.

8. In his second motion, styled Motion for Hearing to Re-open Case (document #53), Plaintiff requests to "file a new case number or open my old one (appeal)." Plaintiff claims that "[b]ased on some facts in my case someone keeps making sure I get hurt" and that he needs the "Federal Court [to] keep an eye on my case until I get back to Texas." Plaintiff says that "[s]omeone in the legal system keeps making the 'Parole Board' mad at me" and that is why he has been told by his parole officer "to move from Harrison." Plaintiff asserts that he has "more than enough proof that [his] rights have been violated in Boone County" and he needs "a 'civil rights jury trial' due to this matter." Plaintiff claims that his case was closed "due to these Defendants running me off and keeping me in fear, retaliating one me" and that "the Judge in Harrison will not respond to my request."

9. Plaintiff's time to appeal expired over three years ago and the Plaintiff has not stated any legal basis on which this Court could grant him a right to file a belated appeal. To the extent that Plaintiff is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff's motion is untimely. Specifically, Rule 60(b) which provides that a Court may relieve a party from a final judgment or order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A motion under Rule 60(b) must be made "no more than a

year after the entry of judgment or order or the date of the proceeding."

10.  Plaintiff's motion is untimely. Even if it were timely, Plaintiff has not identified or described the "new evidence" he seeks to introduce.  Nor has he stated why such evidence could not have been discovered prior to the dismissal of his case.  Finally, Plaintiff has offered no explanation for his failure to obey the Court rules and respond to the summary judgment motion in this matter as ordered by the Magistrate Judge.  There is no legal basis on which the Court could re-open this case or reconsider its order dismissing this action.

**IT IS THEREFORE ORDERED** that the Plaintiff's **Motion for Appeal** (document #52) and **Motion for Hearing to Re-open Case** (document #53) are hereby **denied.**

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**